United States District Court
Southern District of Texas
**ENTERED**
May 31, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| DANUTA LOBECK | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-10-423 |
| | § | |
| TINA M. LICATINO, ET AL. | § | |

## OPINION AND ORDER

Before the Court with the consent of the Parties is the Second Motion for Summary Judgment of Defendants, Fidelity National Property and Casualty Insurance Company and Fidelity National Insurance Services, LLC (collectively Fidelity). The Motion seeks the dismissal of all claims asserted against Fidelity by Plaintiff, Danuta Lobeck, in her Fifth Amended Complaint. Having carefully considered the merits of the Parties' submissions the Court now issues its Opinion and Order.

In September 2006, when Lobeck purchased the Gilchrist, Texas, property-in-suit as rental property, she did not know what the Coastal Barrier Resources System (CBRS) was or that federally funded flood insurance on property located within its borders was not available. Despite the existence of some esoteric evidence that the property was inside the CBRS, Lobeck innocently applied for an SFIP and one was issued by Southern Farm Bureau, effective October 1, 2006, through October 1, 2007. By February 28, 2007, Southern Farm Bureau had discovered the property was inside the CBRS. It then rescinded the policy and returned Lobeck's premiums. Lobeck did not ascertain the

specific reason for the rescission, instead, she applied for flood insurance with Licatino via the Gabourel Insurance Agency (collectively GIA).  GIA submitted Lobeck's application to Fidelity and Fidelity issued an SFIP to Lobeck on September 19, 2007, effective from August 13, 2007, to August 13, 2008.  A replacement SFIP was issued by Fidelity on October 16, 2007, effective from June 26, 2007, to June 26, 2008.  That policy was renewed on June 20, 2008, effective from June 26, 2008, to June 26, 2009.  On or about September 13, 2008, the building on the property was completely destroyed by the flood surge caused by Hurricane Ike.

Lobeck filed a flood damage claim with Fidelity.  Fidelity adjusted the claim and was about to issue payment when FEMA notified it that Lobeck's property was within the CBRS.  On or before March 20, 2009, Fidelity, in furtherance of FEMA's directive, rescinded Lobeck's SFIP and returned her premiums.  Lobeck reacted by suing Fidelity for negligently or fraudulently representing her property was insurable, improperly issuing an SFIP and not accepting responsibility to pay her resultant tort damages.  Each of her alleged claims was based upon her reliance on Fidelity's misrepresentations of insurability.

In July 2013, Lobeck's case was stayed pending an interlocutory appeal in Spong,[1] a case which this Court had determined could potentially affect the outcome of Lobeck's and similar cases.

---

[1] Spong v. Fidelity National Property and Casualty Insurance Co., 787 F.3d 296 (5th Cir. 2015)

On appeal in Spong the Circuit reaffirmed its earlier decision in Campo v. Allstate Insurance Co., 562 F.3d 751 (5th Cir. 2009), found that the Spongs' state law non-contractual procurement claims were not preempted, as Fidelity had argued, and remanded the case; however, it did so with a gratuitous discussion of, *inter alia*, two relevant Supreme Court cases[2] and a sympathetic admonishment that this Court was bound to charge the Spongs with constructive knowledge of the statutes and regulations applicable to the NFIP.  Therefore, upon remand the Spongs, as prospective SFIP holders, could not assert that they had reasonably relied on Fidelity's misrepresentations to determine the relevant property's insurability, because they had had their own independent duty to determine whether its location in the CBRS disqualified it from consideration.

Following the remand in Spong, Lobeck's case was reopened and set for a Scheduling Conference.  At the conference Lobeck refused to concede that the Spong decision was dispositive of her case.  She asked to amend her complaint and argued she should be entitled to a jury trial.  Following the filing of her Fifth Amended Complaint Fidelity filed the instant Motion.

---

[2]   Federal Crop Insurance Corp. v. Merrill, 332 U.S. 380 (1947) (all citizens are charged with the knowledge of the law regarding federal insurance programs (like the NFIP)) and Heckler v. Community Health Services of Crawford County, Inc., 467 U.S. 51, 63 (1984)  (citizens seeking to benefit from a federal benefit program (like the NFIP) are charged with familiarizing themselves with the requirements of that program "and may not rely on the conduct of government agents contrary to the law.")

3

In accordance with the Court's pronouncements in Spong, the premise of Fidelity's Motion is that, under the law Lobeck "knew" and "was familiar with" the statutes and regulations of the NFIP, including the terms and conditions of the SFIP, and the WYO Arrangement.  From that premise Fidelity reasons that by law Lobeck "knew" she was dealing with a federal intermediary acting as an agent for the government, not her; "knew" that the insurance agency she used was her agent and its misrepresentations could not be attributed to Fidelity; "knew or should have known" her property was located within the boundaries of the CBRS; "knew or should have known" the property was uninsurable under an SFIP; "knew or should have known" that any policy, if issued, would be void *ab initio*; and "knew or should have known" when she received her SFIP that it provided absolutely no coverage for flood damage to the property.  Fidelity then concludes that (1) because all of Lobeck's claims require some proof of her reasonable reliance on Fidelity's misrepresentations the claims fail because her "knowledge" makes her alleged reliances "unreasonable" as a matter of law and (2) because the procuring agents were her agents, Fidelity is not vicariously liable for their actionable misrepresentations, if any.

In her response, Lobeck simply chooses to continue to ignore the seemingly unfair impact of the relevant decisions discussed above.  She still claims her reliance was reasonable, but that position is unprovable; this Court is foreclosed from even considering evidence of her actual or inferior ignorance of the law in any light favorable to her.  She still argues her claims are not preempted.  Lobeck is correct about that, but it is irrelevant;

it is not that she could not file her claims, it is that she can never prove them because they require proof of "reasonable" reliance.  She finally argues that there is a fact question of whether she knew the property was within the CBRS, but that argument was foreclosed by Spong's declaration that with "knowledge" of the SFIP's ineligibility provision a prospective insured had an independent duty to determine the property's eligibility and could not rely on the erroneous issuance of a policy as proof of its insurability.

This Court finds Fidelity's arguments correct in every aspect despite the apparent harshness of the result.

It is, therefore, the **ORDER** of this Court that Fidelity's Second Motion for Summary Judgment (Instrument no. 142) is **GRANTED** and that all claims asserted by Danuta Lobeck against the Fidelity Defendants in her Fifth Amended Complaint are **DISMISSED**.

**DONE** at Galveston, Texas, this _____31st_____ day of May, 2016.

John R. Froeschner
United States Magistrate Judge