United States District Court
Southern District of Texas
**ENTERED**
May 31, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| DANUTA LOBECK | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-10-423 |
| | § | |
| TINA M. LICATINO, ET AL. | § | |

## <u>OPINION AND ORDER</u>

Before the Court with the consent of the Parties is the First Amended Motion for Summary Judgment of Defendants, Tina Licatino and Gabourel Insurance Agency, Inc. The Motion seeks the dismissal of all claims asserted against these Defendants by Plaintiff, Danuta Lobeck, in her Fifth Amended Complaint. This matter has been extensively briefed and is now ripe for a determination. Accordingly, the Court now issues this Opinion and Order.

The basic premise of each of Lobeck's claims, when considered under relevant law, makes any lengthy summary of the facts in the light most favorable to Lobeck a waste of time. In a nutshell, Lobeck bought property that, unknown to her, was located within the boundaries of the Coastal Barrier Resources System. Lobeck's mortgage loan required her to maintain flood insurance on the property so she innocently procured an SFIP through these Defendants. The policy was subsequently reissued and then renewed the following year. During the renewal year Hurricane Ike completely destroyed the building on the property and only then was Lobeck informed that her policy was void and had never afforded coverage. She received nothing for her property damage. Consequently, Lobeck filed suit against, *inter alios*, these Defendants alleging that they knew or should have known that the property was ineligible for

flood insurance under the NFIP, that the policy was void when issued, and that the policy offered absolutely no coverage.   According to Lobeck, the express and implicit misrepresentations of these Defendants, upon which she ignorantly, but reasonably relied, caused her losses.

The relevant case law can be understood by reference to four or five cases.  In Federal Crop Insurance Corp. v. Merrill, 332 U.S. 380 (1947), the United States Supreme Court held that all citizens are charged with the knowledge of the law regarding federal insurance programs, like the NFIP.  In Heckler v. Community Health Services of Crawford County, Inc., 467 U.S. 51, 63 (1984), the Supreme Court held that citizens seeking to benefit from a federal benefit program, like the NFIP, are charged with familiarizing themselves with the requirements of that program "and may not rely on the conduct of government agents contrary to the law."  In Spong v. Fidelity National Property and Casualty Insurance, Co., 787 F.3d 296 (5th Cir. 2015), the Fifth Circuit declared that a prospective SFIP holder cannot rely on a WYO's representations to determine a property's SFIP insurability, but instead has his own duty to determine whether its location in the CBRS disqualifies it.  And in Larmann v. State Farm Insurance Co., 2005 WL 357191 (E.D. La., Feb. 11, 2005), the Court held that under this reasoning any reliance by a Plaintiff on misrepresentations of private insurance agents regarding the scope of coverage afforded by an SFIP are unreasonable as a matter of law and, therefore, cannot raise a genuine issue of material fact to avoid summary judgment.  Larmann cited, as Fifth Circuit authority, Richmond Printing v. FEMA, 72 Fed. Appx. 90 (5th Cir. 2003).

2

In applying these cases to the facts in this case Lobeck's claims could never succeed. Even assuming Lobeck had no actual knowledge of any of the impediments to her procurement of a valid SFIP on her property, the law precludes her from using it to her advantage. She is presumed to know the law. As a result, before Lobeck brought the property she "knew" that to purchase a valid SFIP the intended property had to be outside the barriers of the CBRS. Nevertheless, she bought property she "knew or should have known" was within the CBRS and as a result uninsurable. Then she applied for an SFIP she "knew or should have known" would be invalid if and when issued. She, therefore, "knew or should have known" that when she received the SFIP from Fidelity it was void and provided no coverage. As a legal consequence of Lobeck's constructive knowledge she cannot fault others for their negligent or fraudulent misrepresentations resulting in the absence of insurance coverage or hold them accountable for her losses.

In opposition Lobeck cites Paladino v. Standard Fire Insurance Co., 616 F.Supp. 2d 538, 548-49 (E.D. Pa. 2008), a case like this one involving an SFIP voided by the CBRS restriction, as authority to avoid the "Merrill constructive knowledge rule." In Paladino the Court found that because the property was uninsurable, plaintiff had never really dealt with the government at all and the rationale for the rule did not apply in a tort claim against the insurer acting as a private party. The Paladino Court cited Spence v. Omaha Indemnity Insurance Co., 996 F.2d 793, 797 n.23 (5th Cir. 1993) (suggesting the rule might not apply in a case involving a tort claim against a private party), but it seems that any such exception had already been negated in this Circuit by Richmond Printing which enforced the rule in a

3

case involving a private adjuster who allegedly made material misrepresentations of what information it needed Plaintiff to supply in order to satisfy the Proof of Loss requirement of the SFIP. The Fifth Circuit simply concluded that the "unique situation presented by the NFIP creates additional responsibilities for the insured." 72 Fed. Appx. at 98. Larmann, supra, simply extended the rule to a case against the procuring insurance agent as in the instant case.

In summary, all of Lobeck's claims require her to establish an element of reasonable reliance on some sort of misrepresentation of insurability by these Defendants, but under the applicable case law any such alleged reliance would be "unreasonable as a matter of law" and the claims, while not precluded per se, cannot ever prevail.

Lobeck's predicament, as the Spong case predicted, is unfortunate, but this Court is powerless to allow her case to proceed and it is therefore **ORDERED** that the First Amended Motion for Summary Judgment (Instrument no. 141) of Tina Licatino and Gabourel Insurance Agency, Inc., is **GRANTED** and that all claims asserted by Plaintiff, Danuta Lobeck, against these Defendants in her Fifth Amended Complaint are **DISMISSED**.

**DONE** at Galveston, Texas, this _____31st_____ day of May, 2016.

_____

John R. Froeschner
United States Magistrate Judge

4